UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X,


SALVATORE MARASA,

                        Petitioner,                    DECLARATION IN
                                                       OPPOSITION TO
                                                       MOTION TO
                -against-                              DISMISS PETITION

                                                       Dkt # 08-CV-02066
GEORGE B. ALEXANDER, as Chairman,                      (PAC)(JAF)
New York State Division of Parole,

                        Respondent.

--------------------------------------------------------X

        **ANTHONY M. VITTORIOSO**, pursuant to 28 U.S.C, section 1746 declares

under penalty of perjury as follows:


        1. I am counsel for the Petitioner herein and make this Declaration in opposition

to Respondent's motion to dismiss the Petitioner's habeas corpus Petition due to

untimeliness.


        2. The substantive facts relating to the Petition are not at issue in the instant

motion. Consequently in the interest of judicial economy, only the procedural facts will

be discussed in this opposition.


        3. The facts recited by Respondent referring to dates of issuance of decisions and

filing, etc. are all uncontroverted. The issue, therefore, is purely a legal one with the

caveat that the record is probably insufficient to determine the motion to dismiss based on the applicable law.

4. In sum, Petitioner's argument is that although the federal system may impose its own standards for measuring time beyond the finality of the conviction in the state system, the construction of the federal rule necessarily implicates that finality in the state system must be interpreted under state law.

5. When 28 U.S.C. section 2244(d)(1)(A)indicates that the 1-year period of limitation for habeas petitions predicated on state court judgments runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". Supreme Court Rule13 subsection 2 of Rule 13 indicates in relevant part that "time to file a petition… runs from the date of entry of the Judgment or order." The calculation of the 90 days in this matter, therefore, is premised on entry in the New York State Court of Appeals. The construction of "final" and "entry" is critical to this analysis.

6. It must be noted that there is nothing in the record presented by the State indicating when the order denying leave to appeal to the New York State Court of Appeals was entered. The only available information is the date of the decision, see annexed Exhibit 1, which is not necessarily the date of entry. Indeed, the New York State Court of Appeals Rules, copy annexed hereto as Exhibit 2, are silent on entry of the order or decision or the process used for same.  Hard copy of "Guide to Counsel" from New York Court of Appeals web-site, www.nycourts.gov/ctapps/counsguide.htm is annexed hereto as Exhibit 3.

7. Even if the record contained an entry date, the construction of when an order takes effect is a wholly different matter. With a few carefully circumscribed instances, New York State is a "notice of entry" state at all levels, appellate and trial, where entry of an order/judgment has no meaning until the process of noticing entry is completed.

8. Even if formal notice of entry were not required, New York law mandates that where further proceedings are contemplated in bringing action in a higher court, additional time is allotted from the point of service of a judgment or order or notice of entry of same. From one to five additional days are added for service on counsel or a party when different forms of mail are used. We do not know what method was used to serve Petitioner/Defendant's counsel, but the usual method is regular mail. *See* Exhibit 3 at p.2. If that is the case, Petitioner received the benefit of 5 additional days to take further action.

9. Even under the less expansive sections governing matters where permission to appeal is necessary, the date of service of the notice of entry is, at the very least, the starting point in the calculation. Once again, the record is silent on this fact.

10. This is not matter where a party is arguing *actual* notice of a decision and seeks to add those days, but rather an altogether different argument based on comity that asserts a right to days by state statute in determining and constructing terms such as "finality" and "entry" of a state court judgment in a federal habeas proceeding. The issue here is does state law govern in determining when the state's direct review is final or deemed entered in starting the calculation of the 90 day period allowable for a certiorari application. The answer, it seems, must be yes. Indeed, the record is absolutely devoid of

any indication of when entry was made, whether and when there was notice of entry affected and when service of the order was made by the Clerk of the Court of Appeals. All or some of these facts would have to be adjudicated to determine the date of "finality" of the conviction and the "entry" date that terminated direct review before 1 year and 90 days is added to calculate the timeliness of the Petition. It seems that under any analysis, however, whether it is based upon mailing days or mailing plus notice of entry days, there will have to be a number of days added and the Petition will have to be deemed timely.

11. Under this analysis, it should also be noted that March 1, 2008 was a Saturday, so to the extent that such date is implicated in anyway as a filing deadline, the next business day would be March 3, 2008 and under Rule 6(a) of the Federal Rules of Civil Procedure, the deadline would be extended to the next business day.

11. As such, the motion to dismiss must be denied because either: 1) the record is insufficient to determine the issue of "finality" or "entry"; or 2) the necessary addition of *any* days would defeat Respondent's motion as a matter of law.

WHEREFORE, Declarant respectfully requests that the Respondent's motion to dismiss the Petition for a Writ of Habeas Corpus be denied in its entirety.

Dated: Brooklyn, New York
        June 27, 2008

                    __s/_____
                    ANTHONY M. VITTORIOSO, ESQ .
                    (AV9374).
                    Attorney for Petitioner

Switch Client | Preferences | Sign Off | ? Help

Search Research Tasks Get a Document Shepard's² Alerts Total Litigator Transactional Advisor Cour

Source: Legal > States Legal - U. S. > New York > Find Cases > NY State Cases, Combined i
Terms: Salvatore w/3 Marasa (Edit Search | Suggest Terms for My Search)

↳ Select for FOCUS™ or Delivery

7 N.Y.3d 903; 860 N.E.2d 74;
826 N.Y.S.2d 612; 2006 N.Y. LEXIS 3982, *

Peo., Resp. v. **Marasa (Salvatore)**, App.

[NO NUMBER IN ORIGINAL]

COURT OF APPEALS OF NEW YORK

7 N.Y.3d 903; 860 N.E.2d 74; 826 N.Y.S.2d 612; 2006 N.Y. LEXIS 3982

November 30, 2006, Decided

**NOTICE: [*1]** DECISION WITHOUT PUBLISHED OPINION

**PRIOR HISTORY:** NY County; AD1st; order 08/31/06.
People v. Marasa, 32 A.D.3d 369, 820 N.Y.S.2d 273, 2006 N.Y. App. Div. LEXIS 10488 (N.Y. App. Div. 1st Dep't, 2006)

**JUDGES:** Read, J.

**OPINION**

LEAVE TO APPEAL

Denied

Source: Legal > States Legal - U. S. > New York > Find Cases > NY State Cases, Combined i
Terms: **Salvatore w/3 Marasa** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, May 30, 2008 - 11:54 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🄸 - Citation information available
* Click on any Shepard's signal to Shepardize® that case

**COURT OF APPEALS STATE OF NEW YORK**
**RULES OF PRACTICE**
**(22 NYCRR Part 500)**
**TABLE OF CONTENTS**

RULE  TITLE                                                             PAGE NO.

500.1    General Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

500.2    Companion Filings on Compact Disk, Read-Only Memory (CD-ROM) . . . .  2

500.3    Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

500.4    Pro Hac Vice Admission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

500.5    Sealed Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

500.6    Developments Affecting Appeals, Certified Questions,
         Motions and Criminal Leave Applications . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

500.7    Post-Briefing, Post-Submission and Post-Argument Communications . . . . . .  5

500.8    Withdrawal of Appeal, Motion, or Criminal Leave Application . . . . . . . . . . .  5

500.9    Preliminary Appeal Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

500.10   Examination of Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . .  6

500.11   Alternative Procedure for Selected Appeals . . . . . . . . . . . . . . . . . . . . . . . . . .  7

500.12   Filing of Record Material and Briefs in Normal Course Appeals . . . . . . . . . .  8

500.13   Content and Form of Briefs in Normal Course Appeals . . . . . . . . . . . . . . . . .  9

500.14   Records, Appendices and Exhibits in Normal Course Appeals . . . . . . . . . . . 10

500.15   Extensions of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

500.16   Failure to Proceed or to File Appeal Papers . . . . . . . . . . . . . . . . . . . . . . . . . . 11

500.17   Calendar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**RULE   TITLE**                                                              **PAGE NO.**

500.18  Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

500.19  Remittitur . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

500.20  Criminal Leave Applications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

500.21  Motions - General Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

500.22  Motions for Permission to Appeal in Civil Cases . . . . . . . . . . . . . . . . . . . . 17

500.23  Amicus Curiae Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

500.24  Motions for Reargument of Appeals, Motions and Decisions
        on Certified Questions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

500.25  Emergency Matters; Orders to Show Cause . . . . . . . . . . . . . . . . . . . . . . . . 20

500.26  Primary Election Session Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

500.27  Discretionary Proceedings to Review Certified Questions
        from Federal Courts and Other Courts of Last Resort . . . . . . . . . . . . . . . . 22

**GENERAL MATTERS**

**500.1 General Requirements.**

(a)      All papers shall comply with applicable statutes and rules, particularly the signing requirement of 22 NYCRR 130-1.1-a.

(b)      Method of reproduction.  All briefs, papers submitted pursuant to sections 500.10 and 500.11 of this Part, motion papers and appendices (hereinafter "papers filed") may be reproduced by any method that produces a permanent, legible, black image on white paper.  Reproduction on both sides of the paper is encouraged.

(c)      Necessary information.  Where this Part requires the filing of multiple copies of papers, the parties shall identify on its cover the original document filed.  All papers filed by or on behalf of a corporation or other business entity shall list all its parents, subsidiaries and affiliates, or state that no such parents, subsidiaries and affiliates exist (hereinafter "disclosure statement").  Where New York authorities are cited in any submissions, New York Official Law Report citations shall be included, if available.  Copies of decisions that are not officially published, or are not otherwise readily available, shall be included in the submission in which such decisions are cited.

(d)      Paper quality, size and binding.  Paper shall be opaque, unglazed, white and eleven by eight and one-half inches.  Briefs, appendices, records and motion papers shall be bound on the left side in a manner that keeps all pages securely together, without plastic covers or any metal fasteners or similar hard material that protrudes or presents a bulky surface or sharp edge.

(e)      Computer-generated papers filed.  Papers filed prepared on a computer shall be printed in either a serifed, proportionally spaced typeface, such as Times Roman, or a serifed monospaced typeface, such as Courier.  Narrow or condensed typefaces and condensed font spacing shall not be used.  Except in headings, words shall not be in bold type or type consisting of all capital letters.

(1)      Papers filed using a proportionally-spaced typeface.  The body of any papers filed using a proportionally-spaced typeface shall be printed in 14-point type.  Footnotes shall be printed in type of no less than 12 points.

(2)      Papers filed using a monospaced typeface.  The body of any papers filed using a monospaced typeface shall be printed in 12-point type containing no more than 10 and one-half characters per inch.  Footnotes shall be printed in type of no less than 10 points.

(f)   <u>Typewritten papers filed.</u>  Typewritten papers filed shall be neatly prepared in clear type no smaller than elite and in a pitch of no more than twelve characters per inch.  The original, ribbon typescript of any papers filed shall be signed and filed as the original required by this Part.  Carbon copies will not be accepted.

(g)   <u>Margins, line spacing and page numbering of computer-generated and typewritten papers filed.</u>  Computer-generated and typewritten papers filed shall have margins of one inch on all sides of the page.  Text shall be double-spaced, but quotations more than two lines long may be indented and single-spaced.  Headings and footnotes may be single-spaced.  Pages shall be consecutively numbered in the center of the bottom margin of each page.

(h)   <u>Handwritten papers.</u>  Self-represented litigants may serve and file handwritten papers.  Such papers shall be neatly prepared in cursive script or hand printing in black ink.  Pages shall be consecutively numbered in the center of the bottom margin of each page.  The filing of handwritten papers is not encouraged.  The clerk of the Court may reject illegible papers.

(i)   <u>Filing of Papers.</u>  All papers filed shall be addressed to the clerk of the Court at 20 Eagle Street, Albany, New York 12207-1095, not to a Judge or Judges of the Court, and shall be served on each other party in accordance with the requirements of this Part.  Submissions shall not be filed by facsimile transmission or electronic mail, except when requested by the clerk of the Court.

(j)   <u>Acknowledgment of receipt of papers.</u>  A request for an acknowledgment of receipt of papers shall be accompanied by the papers filed and a self-addressed, postage pre-paid postcard or envelope.  Parties proceeding as poor persons or requesting poor person relief shall comply with this requirement if acknowledgment of receipt of papers is desired.

(k)   <u>Nonconforming Papers.</u>  The clerk of the Court may reject papers that do not conform to the requirements of this Part.

**500.2  Companion Filings on Compact Disk, Read-Only Memory (CD-ROM).**

(a)   The Court allows the submission of briefs, records or appendices on compact disk, read-only memory (CD-ROM) as companions to the requisite number of printed briefs, records and appendices filed and served in accordance with this Part if all parties have consented to the filing of the companion CD-ROM brief and record or appendix.  The Court, by order on motion of any party or on its own motion, may require such filing by a party or amicus.

(b)   The companion CD-ROM brief, record or appendix shall comply with the current technical specifications available from the clerk's office.

(c)   The companion CD-ROM brief, record or appendix shall be identical in content and

2

format (including page numbering) to the printed version, except that each also shall be word-searchable and shall provide electronic links (hyperlinks) to the complete text of any authorities cited therein, and to all documents or other material constituting the record on appeal. The disk and container shall be labeled to indicate the title of the case and the documents reproduced on the disk.

(d)     Unless the Court requires a greater number, 10 disks or sets of disks shall be filed, with (i) proof of service of at least one disk or set on each other party and (ii) a copy of the parties' stipulation permitting, or the Court's order directing, such filing.

(e)     Unless the Court requires otherwise, appellant's filing and respondent's filing, or a joint filing by appellant and respondent, are due 10 days after the final due date for filing appellant's reply brief (see section 500.12[d] of this Part).

## 500.3 Fees.

(a)     Upon the filing of record material in a civil appeal pursuant to section 500.11, 500.12 or 500.26(a) of this Part, appellant shall provide the clerk of the Court the fee in the amount specified in CPLR 8022 in the form of an attorney's check, certified check, cashier's check or money order payable to "State of New York, Court of Appeals" unless:

    (1)     appellant demonstrates exemption from the fee requirements by statute or other authority;

    (2)     other payment arrangements have been made with the clerk of the Court;

    (3)     the appeal is accompanied by a motion requesting poor person relief or a motion requesting relief from payment of the filing fee; or

    (4)     appellant in the Court of Appeals provides a copy of an order issued by any court in the action or proceeding to which the appeal relates granting that party poor person relief, together with a sworn affidavit that the same financial circumstances exist at the time of filing in the Court of Appeals as when the order granting poor person relief was issued.

(b)     Upon the filing of each motion or cross motion in a civil case pursuant to section 500.21 through 500.24 or 500.26(b) of this Part, movant shall provide the clerk of the Court with the fee in the amount specified in CPLR 8022 in the form of an attorney's check, certified check, cashier's check or money order payable to "State of New York, Court of Appeals" unless:

    (1)     movant demonstrates exemption from the fee requirements by statute or other authority;

3

(2)      other payment arrangements have been made with the clerk of the Court;

(3)      the motion or cross motion is accompanied by a motion requesting poor person relief or a motion requesting relief from payment of the filing fee; or

(4)      movant in the Court of Appeals provides a copy of an order issued by any court in the action or proceeding to which the motion relates granting that party poor person relief, together with a sworn affidavit that the same financial circumstances exist at the time of filing in the Court of Appeals as when the order granting poor person relief was issued.

(c)      Except as provided in subsections (a) or (b) above or where otherwise specifically required by law or by the Court, no fees shall be charged by the clerk of the Court.

## 500.4  Pro Hac Vice Admission.

An attorney or the equivalent who is a member of the bar of another state, territory, district or foreign country may apply to appear pro hac vice with respect to a particular matter pending in this Court (see 22 NYCRR 520.11[a] [Rules of the Court of Appeals for the Admission of Attorneys and Counselors at Law--Admission Pro Hac Vice]).  The application shall consist of a letter request to the clerk of the Court, with proof of service on each other party, and shall include current certificates of good standing from each jurisdiction in which the applicant is admitted and any orders of the courts below granting such relief in the matter for which pro hac vice status is sought.

## 500.5  Sealed Documents.

(a)      Documents under seal are not available for public viewing.

(b)      Any papers sealed by a court below or otherwise required by statute to be sealed shall be sealed in the Court of Appeals.

(c)      Any party to an appeal or motion may request that papers not sealed below be sealed in this Court.  Such requests shall be by an original and one copy of a motion pursuant to section 500.21 of this Part, with proof of service of one copy on each other party.

(d)      Documents and transcripts ordered sealed by the Court of Appeals or a court below shall be reproduced in separate volumes of the record on appeal.  Each such volume shall be clearly identified on the cover as containing sealed material.

## 500.6  Developments Affecting Appeals, Certified Questions, Motions and Criminal Leave Applications.

4

Counsel shall timely inform the clerk's office and each other party by letter of all developments affecting appeals, section 500.27 certified questions, motions and criminal leave applications pending in this Court, including contemplated and actual settlements, circumstances or facts that could render the matter moot and pertinent developments in applicable case law, statutes and regulations.  The writing shall contain proof of service on each other party.

**500.7  Post-Briefing, Post-Submission and Post-Argument Communications.**

Except for communications providing the information required by section 500.6 of this Part or those specifically requested by the Court, post-briefing, post-submission and post-argument written communications to the Court are not favored, and shall be returned to the sender unless accepted by the clerk of the Court following a written request with a copy of the proposed submission and proof of timely service of one copy on each other party.

**500.8  Withdrawal of Appeal, Motion or Criminal Leave Application.**

(a)  <u>Appeals.</u>

 (1)  Before argument or submission, an appeal shall be marked withdrawn upon receipt by the clerk of the Court of a stipulation of withdrawal signed by counsel for all parties and by all self-represented litigants and, in criminal appeals, additionally by defendant.

 (2)  After argument or submission, a request to withdraw an appeal shall be supported by a stipulation of withdrawal signed by counsel for all parties and by all self-represented litigants and, in criminal appeals, additionally by defendant.  The request shall be submitted to the Court for determination.

(b)  <u>Motions.</u>

 (1)  Before its return date, a motion shall be marked withdrawn upon receipt by the clerk of the Court of a written notice of withdrawal signed by counsel for the moving party, with proof of service of one copy on each other party.

 (2)  After the return date, a request to withdraw a motion shall be supported by a stipulation of withdrawal signed by counsel for all parties and by all self-represented litigants.  The request shall be submitted to the Court for determination.

(c)  <u>Criminal Leave Applications.</u>  A request to withdraw an application shall be in writing and, if made on behalf of a defendant, shall be signed by defendant.  The request shall contain an indication of service of one copy upon all parties and, if the request is made by defendant personally, proof of service upon defense counsel, if defendant is represented.  The request shall be submitted to the assigned Judge for determination.

**APPEALS**

**500.9  Preliminary Appeal Statement.**

(a)    Within 10 days after an appeal is taken by (1) filing a notice of appeal in the place and manner required by CPLR 5515, (2) entry of an order granting a motion for leave to appeal in a civil case, or (3) issuance of a certificate granting leave to appeal in a non-capital criminal case, appellant shall file with the clerk of the Court an original and one copy of a preliminary appeal statement on the form prescribed by the Court, with the required attachments and proof of service of one copy on each other party.  No fee is required at the time of filing the preliminary appeal statement.

(b)    Where a party asserts that a statute is unconstitutional, appellant shall give written notice to the Attorney General before filing the preliminary appeal statement, and a copy of the notification shall be attached to the preliminary appeal statement.  The notification and a copy of the preliminary appeal statement shall be sent to the Solicitor General, Department of Law, The Capitol, Albany, New York 12224.

(c)    After review of the Preliminary Appeal Statement, the clerk will notify the parties either that review pursuant to section 500.10 or section 500.11 of this Part shall commence or that the appeal shall proceed in the normal course.

**500.10  Examination of Subject Matter Jurisdiction**.

On its own motion, the Court may examine its subject matter jurisdiction over an appeal based on the papers submitted in accordance with section 500.9 of this Part.  The clerk of the Court shall notify all parties by letter when an appeal has been selected for examination pursuant to this section, stating the jurisdictional concerns identified in reviewing the preliminary appeal statement and setting a due date for filing and service of comments in letter form from all parties.  Such examination shall result in dismissal of the appeal by the Court or in notification to the parties that the appeal shall proceed either under the review process described in section 500.11 of this Part or in the normal course, with or without oral argument.  This examination of jurisdiction shall not preclude the Court from addressing any jurisdictional concerns at any time.

**500.11  Alternative Procedure for Selected Appeals.**

(a)    On its own motion, the Court may review selected appeals by an alternative procedure.  Such appeals shall be determined on the intermediate appellate court record or appendix and briefs, the writings in the courts below and additional letter submissions on the merits.  The clerk of the Court shall notify all parties by letter when an appeal has been

selected for review pursuant to this section.  Appellant may request such review in its preliminary appeal statement.  Respondent may request such review by letter to the clerk of the Court, with proof of service of one copy on each other party within five days after the appeal is taken.

(b)     Appeals may be selected for alternative review on the basis of:

    (1)     questions of discretion, mixed questions of law and fact or affirmed findings of fact, which are subject to a limited scope of review;

    (2)     recent, controlling precedent;

    (3)     narrow issues of law not of statewide importance;

    (4)     nonpreserved issues of law;

    (5)     a party's request for such review; or

    (6)     other appropriate factors.

(c)     <u>Appellant's filing.</u>  Within 25 days after the date of the clerk of the Court's letter initiating the alternative review procedure, appellant shall:

    (1)     file three copies of the intermediate appellate court record or appendix and three copies of each brief filed by each party in the intermediate appellate court.  Original exhibits to be relied upon which are not in the record or appendix at the intermediate appellate court shall be filed or, if they are on file with the clerk of the trial court, subpoenaed to this Court and the Court so advised by letter.  Such exhibits shall be clearly identified and, where appropriate, their authenticity shall be certified or stipulated to;

    (2)     file an original and two copies of a letter stating its arguments in support of appellant's position on the merits.  If appellant objects to review pursuant to this section, the letter shall also explain that position;

    (3)     file a disclosure statement pursuant to section 500.1(c) of this Part, if necessary;

    (4)     file proof of service of one copy of its arguments on each other party; and

    (5)     remit the fee, if any, required by section 500.3(a) of this Part.

(d)     <u>Respondent's filing.</u>  Within 20 days after service of appellant's submission, respondent shall file an original and two copies of a letter stating its arguments in support of its position on the merits.  If respondent objects to review pursuant to this section, the letter

shall also explain that position.  Respondent shall file a disclosure statement pursuant to section 500.1(c) of this Part, if necessary, and proof of service of one copy of its arguments on each other party.

(e)     Abandonment of arguments.  A party shall be deemed to have abandoned any argument made in the intermediate appellate court briefs not addressed or reserved in the written submission to this Court.

(f)     Review of subject matter jurisdiction.  An appeal selected for review pursuant to this section is subject to dismissal on the Court's own motion, should it be determined that the Court is without subject matter jurisdiction.

(g)     Termination of alternative procedure.  If the Court terminates its review of the appeal pursuant to this section before disposition, the clerk of the Court will notify counsel by letter and set a schedule for full briefing of the appeal.

(h)     Amicus curiae relief.  The Attorney General of the State of New York may file, no later than the filing date set for respondent's submission, an original and two copies of an amicus curiae submission without leave of the Court, with proof of service of one copy on each party.  Any other proposed amicus curiae shall request amicus curiae relief pursuant to section 500.23(a)(2) of this Part.


**500.12  Filing of Record Material and Briefs in Normal Course Appeals.**

(a)     Scheduling letter.  Generally, in an appeal tracked for normal course treatment,  the clerk of the Court issues a scheduling letter after the filing of the preliminary appeal statement.  A scheduling letter also issues upon the termination of an inquiry pursuant to section 500.10 or 500.11 of this Part.  The scheduling letter sets the filing dates for record material and briefs.

(b)     Appellant's initial filing.  On or before the date specified in the scheduling letter, appellant shall serve and file record material in compliance with section 500.14 of this Part, and shall remit the fee, if any, required by section 500.3(a) of this Part.  Appellant also shall file an original and 24 copies of a brief, with proof of service of three copies on each other party.  If no scheduling letter is issued, appellant's papers shall be served and filed within 60 days after appellant took the appeal by (1) filing a notice of appeal in the place and manner required by CPLR 5515, (2) entry of an order granting a motion for leave to appeal in a civil case, or (3) issuance of a certificate granting leave to appeal in a non-capital criminal case.

(c)     Respondent's filing.  On or before the date specified in the scheduling letter, respondent shall serve and file an original and 24 copies of a brief and a supplementary appendix, if any, with proof of service of three copies on each other party.  If no scheduling letter is

issued, respondent's papers shall be filed within 45 days after service of appellant's brief.

(d)    Reply briefs.  A reply brief is not required but may be served and filed by appellant on or before the date specified in the scheduling letter.  If no scheduling letter is issued, a reply brief may be served and filed within 15 days after service of respondent 's brief.  Where cross appeals are filed, the cross appellant may serve and file a reply brief to the main appellant's responsive brief.  An original and 24 copies of a reply brief shall be served and filed, with proof of service of three copies on each other party.

(e)    Amicus curiae briefs.  The Attorney General of the State of New York may file, no later than the filing date set for respondent's brief, an original and 24 copies of an amicus curiae brief without leave of the Court, with proof of service of three copies on each party.  Any other proposed amicus curiae shall request amicus curiae relief pursuant to section 500.23(a)(1) of this Part.

(f)    Briefs in response to amicus curiae briefs.  Briefs in response to an amicus curiae brief are not required but may be served and filed by a party whose position is adverse to that of the amicus curiae.  The brief shall be served and filed within 15 days after the date of this Court's order granting a motion for amicus curiae relief or within 15 days after the service of an amicus curiae brief by the Attorney General of the State of New York.  An original and 24 copies shall be filed, with proof of service of three copies on each other party and one copy on each amicus curiae.

(g)    Sur reply briefs.  Sur reply briefs are not permitted.

## 500.13 Content and Form of Briefs in Normal Course Appeals.

(a)    Content.  All briefs shall conform to the requirements of section 500.1 of this Part and contain a table of contents, a table of cases and authorities and a disclosure statement pursuant to section 500.1(c) of this Part, if necessary.  Respondent's brief may have a supplementary appendix attached to it.  The original of each brief shall be signed and dated, shall have the affidavit of service affixed to the inside of the back cover and shall be identified on the front cover as the original.

(b)    Brief covers.  Brief covers shall be white and shall contain the caption of the case and name, address, telephone number, and facsimile number of counsel or self-represented litigant and the party on whose behalf the brief is submitted, and the date on which the brief was completed.  In the upper right corner, the brief cover shall indicate whether the party proposes to submit the brief without oral argument or, if argument time is requested, the amount of time requested and the name of the person who will present oral argument (see section 500.18 of this Part).  If a time request does not appear on the brief, generally no more than 10 minutes will be assigned.  The Court will determine the argument time, if any, to be assigned to each party.

**500.14 Records, Appendices and Exhibits in Normal Course Appeals.**

(a)     <u>Record material.</u>  Appellant shall supply the Court with record material in one of the following ways:

    (1)     Appellant may subpoena the original file to this Court from the clerk of the court of original instance or other custodian, and submit original exhibits to be relied upon, and supplement these with an original and 24 copies of an appendix conforming to subdivision (b) below, with proof of service of three copies of the appendix on each other party.  If appellant is represented by assigned counsel, or has established indigency, an oral or written request may be made of the clerk of this Court to obtain the original file.

    (2)     Appellant may file with the clerk of the Court one copy of the reproduced record used at the court below.  This record shall be supplemented by an original and 24 copies of an appendix conforming to subdivision (b) below, with proof of service of three copies of the appendix on each other party.

    (3)     Appellant may file with the clerk of the Court an original and 24 copies of a new and full record which shall include the record used at the court below, the notice of appeal or order granting leave to appeal to this Court, the decision and order appealed from to this Court, and any other decision and order brought up for review, with proof of service of three copies of the new record on each other party.

(b)     <u>Appendix.</u>  An appendix shall conform to the requirements of CPLR 5528 and 5529, and shall be sufficient by itself to permit the Court to review the issues raised on appeal without resort to the original file (<u>see</u> subsection [a][1] of this section) or reproduced record used at the court below (<u>see</u> subsection [a][2] of this section).  The appendix shall include, as relevant to the appeal, the following:

    (1)     the notice of appeal or order or certificate granting leave to appeal;

    (2)     the order, judgment or determination appealed from to this Court;

    (3)     any order, judgment or determination which is the subject of the order appealed from, or which is otherwise brought up for review;

    (4)     any decision or opinion relating to the orders set forth in subsections (b)(2) and (3) above; and

    (5)     the testimony, affidavits, and written or photographic exhibits useful to the determination of the questions raised on appeal.

(c)    Respondent's appendix.  A respondent's brief may include a supplementary appendix.

(d)    Inadequate appendix.  When appellant has filed an inadequate appendix, respondent may move to strike the appendix (see section 500.21 of this Part) or may submit an original and 24 copies of an appendix containing such additional parts of the record as respondent deems necessary to consider the questions involved, with proof of service of three copies of the appendix on each other party.  The Court may direct appellant to supplement the appendix with additional parts of the record it deems necessary to consider the questions involved.

(e)    Correctness of the record.  The correctness of the reproduced record or the appendix and additional papers shall be authenticated pursuant to CPLR 2105 or stipulated to pursuant to CPLR 5532.

## 500.15  Extensions of Time.

The clerk of the Court is authorized to grant, for good cause shown, a reasonable extension of time for filing papers on an appeal.  A request for an extension may be by telephone call to the clerk's office, and shall be made no earlier than 20 days before the filing due date set by the clerk's office or otherwise prescribed by this Part.  The party requesting an extension shall advise the clerk of the Court of the position of each other party with regard to the request.  A party granted an extension shall file a confirmation letter, with proof of service of one copy on each other party, unless the clerk's office has notified all parties in writing of the determination of the request.

## 500.16  Failure to Proceed or File Papers.

(a)    Dismissal of appeal.  If appellant has not filed and served the papers required by section 500.11, 500.12 or 500.26(a) of this Part within the time set by the clerk's office or otherwise prescribed by this Part, the clerk of the Court shall enter an order dismissing the appeal.

(b)    Preclusion.  If respondent has not filed and served the papers required by section 500.11, 500.12 or 500.26(a) of this Part within the time set by the clerk's office or otherwise prescribed by this Part, the clerk of the Court shall enter an order precluding respondent's filing.

(c)    Judicial review.  The Court may review dismissal and preclusion orders entered pursuant to subsections (a) and (b) above by motion on notice in accordance with section 500.21 of this Part.

## 500.17 Calendar.

(a)    Notification of argument time and date.  When the calendar has been prepared, the clerk

of the Court shall advise counsel by letter of the date and time assigned for oral argument.

(b)    <u>Calendar preferences.</u>  A party seeking a preference shall address a letter to the clerk of the Court, with proof of service of one copy on each other party.  The letter shall state why a preference is needed, why alternative remedies, such as review pursuant to section 500.11 of this Part or submission without argument, are not appropriate, and opposing counsel's position on the request.

(c)    <u>Notification of unavailability.</u>  Counsel have a continuing obligation to notify the clerk's office of days of known or possible unavailability for oral argument during the Court's scheduled Albany sessions.

(d)    <u>Adjournments.</u>  Requests for adjournment of a calendared appeal are not favored.  A party seeking an adjournment shall address a letter to the clerk of the Court, with proof of service of one copy on each other party.  The letter shall state why the adjournment is necessary, why submission on the brief filed and having substitute counsel argue are not viable alternatives, and opposing counsel's position on the request.

## 500.18 Oral Argument.

(a)    <u>Argument time.</u>  Maximum argument time is 30 minutes per party, unless otherwise directed or permitted by the Court upon advance request by letter addressed to the clerk of the Court with proof of service of one copy on each other party.  In requesting argument time, counsel shall presume the Court's familiarity with the facts, procedural history and legal issues the appeal presents.  The Court may assign time for argument that varies from a party's request and may determine that the appeal be submitted by any party or all parties without oral argument (<u>see</u> section 500.13[b] of this Part).

(b)    <u>Arguing counsel.</u>  Only one counsel is permitted to argue for a party, unless otherwise directed or permitted by the Court upon advance request by letter addressed to the clerk of the Court with proof of service of one copy on each other party.

(c)    <u>Rebuttal.</u>  Prior to beginning argument, appellant may orally request permission from the Chief Judge to reserve a specific number of minutes for rebuttal.  The time reserved shall be subtracted from the total time assigned to appellant.  Respondent may not request permission to reserve time for sur-rebuttal.

## 500.19  Remittitur.

(a)    The remittitur of the Court**,** containing the Court's adjudication, together with the return papers filed with the Court, shall be sent to the clerk of the court of original instance or to the clerk of the court to which the case is remitted, there to be proceeded upon according to law.

(b)     The court of original instance or the court to which the case is remitted issues any order to effect the adjudication in this Court's remittitur, including an award of costs.


## CRIMINAL LEAVE APPLICATIONS

### 500.20  Criminal Leave Applications.

(a)     <u>Letter application.</u>  Applications to the Chief Judge for leave to appeal in a criminal case (CPL 460.20) shall be by letter addressed to 20 Eagle Street, Albany, New York 12207-1095, and shall be sent to the clerk of the Court, with proof of service of one copy on the adverse party. The letter shall indicate:

(1)     the names of all codefendants in the trial court, if any, and the status of their appeals, if known;

(2)     whether an application has been addressed to a justice of the Appellate Division;

(3)     whether oral argument in person or by telephone conference call is requested; and

(4)     the grounds upon which leave to appeal is sought.  Particular written attention shall be given to reviewability and preservation of error, identifying and reproducing the particular portions of the record where the questions sought to be reviewed are raised and preserved.

After the application is assigned to a Judge for review, counsel will be given an opportunity to serve and file additional submissions, if any, and opposing counsel will be given an opportunity to respond.

(b)     <u>Material to be provided with application.</u>

(1)     <u>Orders of intermediate appellate courts determining appeals to those courts.</u>  An application for leave to appeal from an intermediate appellate court order determining an appeal taken to that court shall include:

(i)     one copy of each brief submitted by defendant to the intermediate appellate court;

(ii)     one copy of each brief submitted by the People to the intermediate appellate court;

(iii)     the order and decision of the intermediate appellate court sought to be appealed from; and

13

(iv)    all relevant opinions or memoranda of the courts below, along with any other papers to be relied on in furtherance of the application.

(2)    <u>Orders of intermediate appellate courts determining applications for writs of error coram nobis.</u>   An application for leave to appeal from an intermediate appellate court order determining an application for coram nobis relief shall include:

(i)    the order and decision sought to be appealed from;

(ii)    the papers in support of and opposing the application filed in the intermediate appellate court; and

(iii)    the intermediate appellate court decision and order sought to be vacated, as well as the briefs filed on the underlying appeal, if available.

(c)    <u>Assignment.</u>  The Chief Judge directs the assignment of each application to a Judge of the Court through the clerk of the Court; counsel shall not apply directly to a Judge or request that an application be assigned to a particular Judge.  The assigned Judge shall advise the parties if oral argument of the application will be entertained.

(d)    <u>Reargument or reconsideration.</u>  Requests for reargument or reconsideration shall be in letter form addressed to the clerk of the Court, with proof of service on the adverse party, and shall be assigned to the Judge who ruled on the original application. A request for reargument or reconsideration shall not be based on the assertion for the first time of new points, except for extraordinary and compelling reasons. Unless otherwise permitted by the assigned Judge, the reargument or reconsideration request shall be served not later than 30 days after the date of the certificate determining the application of which reargument or reconsideration is sought.

(e)    <u>Counsel.</u>  This Court does not assign counsel for criminal leave applications.  One set of motion papers addressed to this Court under section 500.21 of this Part for assignment of counsel on a criminal appeal may be filed, with proof of service of one copy on the adverse party, only after leave to appeal is granted.

(f)    <u>Stay requests.</u>  Whether incorporated in an application for leave to appeal or made separately by letter with proof of service of one copy on the adverse party, a request for a stay (CPL 460.60; 530.50) shall state:

(1)    whether the relief sought has been previously requested;

(2)    whether defendant is presently incarcerated and the incarceration status, if known, of any co-defendants; and,

(3)    if the defendant is at liberty,

14

       (i)       whether a surrender date has been set; and

       (ii)      the conditions of release (e.g., on defendant's own recognizance or on a set bail amount).

(g)    <u>Applications for extensions of time to seek leave to appeal.</u>  An application for an extension of time to seek leave to appeal (CPL 460.30) shall be by one set of motion papers in compliance with section 500.21 of this Part, with proof of service of one copy on the adverse party.

## MOTIONS

### 500.21  Motions - General Procedures.

(a)    <u>Return date.</u>  Regardless whether the Court is in session, motions shall be returnable on a Monday or, if Monday is a legal holiday, the first business day of the week unless otherwise provided by statute, order to show cause or stipulation so ordered by a Judge of the Court.  Motions shall be submitted without oral argument, unless the Court directs otherwise.  No adjournments shall be permitted other than in those limited instances provided by statute (CPLR 321[c] and 1022).

(b)    <u>Notice and service.</u>  Movant shall serve a notice of motion and supporting papers on sufficient notice to each other party, as set forth in the CPLR and below.  In computing the notice period, the date of service shall not be included.

    (1)    When movant's papers are personally served, movant shall give at least eight days' notice (CPLR 2214[b]).

    (2)    When movant's papers are served by regular mail, movant shall give at least 13 days' notice (CPLR 2103[b][2]).

    (3)    When movant's papers are served by overnight delivery service, movant shall give at least nine days' notice (CPLR 2103[b][6]).

    (4)    When movant's papers are served by facsimile transmission, movant shall comply with CPLR 2103(b)(5), and give at least eight days' notice.

(c)    <u>Filing.</u>  Unless otherwise permitted by the Court or clerk of the Court, movant shall file its papers, with proof of service on each other party of the required number of copies, at Court of Appeals Hall no later than noon on the Friday preceding the return date.  On or before the return date of the motion, respondent may file papers in opposition to the motion, with proof of service on each other party of the required number of copies. Submissions shall not be filed by facsimile transmission or electronic mail, except when

requested by the clerk of the Court.  The Court's motion practice does not permit the filing of reply briefs and memoranda.  A request for permission to file papers after the return date of the motion is governed by section 500.7 of this Part.

(d)    <u>Number of required copies.</u>  Except in cases of indigency, where subsection (g) below applies, the number of copies required to be filed is as follows:

> (1) <u>Motions for permission to appeal in civil cases.</u> Movant shall file an original and six copies of its papers, with proof of service of two copies on each other party.  Respondent may file an original and six copies of papers in opposition to the motion, with proof of service of two copies on each other party.

> (2) <u>Motions for reargument of appeals, reargument of motions for permission to appeal and reargument of decisions on certified questions.</u>  Movant shall file an original and six copies of its papers, with proof of service of two copies on each other party.  Respondent may file an original and six copies of papers in opposition to the motion, with proof of service of two copies on each other party.

> (3) <u>Other motions.</u>  For motions other than those addressed in subsections (d)(1) and (2) above, movant shall file an original and one copy of its papers, with proof of service of one copy on each other party.  Respondent may file an original and one copy of papers in opposition to the motion, with proof of service of one copy on each other party.

(e)    <u>Fee required.</u>  Movant shall remit the fee, if any, required by section 500.3(b) of this Part with each motion and cross motion filed.

(f)    <u>Form of papers.</u>  Movant's papers and opposing papers shall comply in form with section 500.1 of this Part.  The papers shall include a disclosure statement pursuant to section 500.1(c) of this Part, if required.

(g)    <u>Proof of indigency.</u>  Any motion may be made on one set of papers, with proof of service of one copy on each other party, where:

> (1)    the motion requests poor person relief and contains the information required by CPLR 1101(a), or

> (2)    movant provides a copy of an order, issued by any court in the action or proceeding to which the motion relates, granting that party poor person relief, together with a sworn affidavit that the same financial circumstances exist at the time of filing in the Court of Appeals as when the order granting poor person relief was issued.

## 500.22  Motions for Permission to Appeal in Civil Cases.

(a)    <u>Filing and notice.</u>  Movant shall file an original and six copies of its papers, with proof of

16

service of two copies on each other party. The motion shall be noticed for a return date in compliance with CPLR 5516 and section 500.21(b) of this Part.

(b)   Content.   Movant's papers shall be a single document, bound on the left, and shall contain in the order here indicated:

(1)     A notice of motion (see CPLR 2214).

(2)     A statement of the procedural history of the case, including a showing of the timeliness of the motion.

(i)     If no prior motion for leave to appeal to the Court of Appeals was filed at the Appellate Division, movant's papers to this Court shall demonstrate timeliness by stating the date movant was served (see CPLR 2103[b]) with the order or judgment sought to be appealed from, with notice of entry.

(ii)    If a prior motion for leave to appeal to the Court of Appeals was filed at the Appellate Division, movant's papers filed in this Court shall demonstrate that the timeliness chain is intact by stating:

(a)     the date movant was served with the order or judgment sought to be appealed from, with notice of entry,

(b)     the date movant served the notice of motion addressed to the Appellate Division upon each other party, and

(c)     the date movant was served with the Appellate Division order denying leave to appeal with notice of entry.

(3)     A showing that this Court has jurisdiction of the motion and of the proposed appeal, including that the order or judgment sought to be appealed from is a final determination or comes within the special class of nonfinal orders appealable by permission of the Court of Appeals (see CPLR 5602[a][2]).

(4)     A concise statement of the questions presented for review and why the questions presented merit review by this Court, such as that the issues are novel or of public importance, present a conflict with prior decisions of this Court, or involve a conflict among the departments of the Appellate Division. Movant shall identify the particular portions of the record where the questions sought to be reviewed are raised and preserved.

(5)     A disclosure statement pursuant to section 500.1(c) of this Part, if required.

(6)     Copies of the order or judgment sought to be appealed from with notice of entry, as well as copies of all relevant orders, opinions or memoranda rendered in the courts below. The papers shall state if no opinion was rendered.

17

(c)    <u>Additional documents.</u>  Movant shall file with its papers one copy of the record below, or appendix if the appendix method was used in the court below, and one copy of the briefs filed below by each of the parties.

(d)    <u>Opposing papers.</u>  Respondent may file an original and six copies of papers in opposition to the motion, with proof of service of two copies on each other party.  The opposing papers shall state concisely respondent's argument for dismissal or denial of the motion.

**500.23 Amicus Curiae Relief.**

Any non-party other than the Attorney General seeking to file an amicus brief on an appeal, certified question or motion for leave to appeal must obtain permission by motion.

(a)    <u>Motions.</u>

(1)    <u>Amicus curiae relief on normal course appeals and normal course certified questions.</u>  Movant shall file an original and one copy of its papers, accompanied by one copy of a proposed brief, with proof of service of one copy on each other party.  The motion shall be noticed for a return date no later than the Court session preceding the session in which argument or submission of the appeal or certified question is scheduled.  If the motion is granted, an original and 24 copies of the brief shall be filed, with proof of service of three copies on each party, within the time set by the Court's order.

(2)    <u>Amicus curiae relief on appeals selected for review by the alternative procedure.</u>  Movant shall file an original and one copy of its papers, accompanied by an original and two copies of the proposed submission, with proof of service of one copy on each other party.  The motion shall be noticed for a return date no later than the filing date set for respondent's submission on the appeal.

(3)    <u>Amicus curiae relief on motions for permission to appeal in civil cases.</u> Movant shall file an original and one copy of its papers, accompanied by one copy of a proposed brief, with proof of service of one copy on each other party.  The motion shall be noticed for a return date as soon as practicable after the return date of the motion for permission to appeal to which it relates.  The granting of a motion to appear amicus curiae on a motion for permission to appeal does not authorize the movant to appear amicus on the subsequent appeal.  A new motion for amicus curiae relief on the appeal must be brought pursuant to subsection (a) (1) or (2) above.

(4)    <u>Criteria.</u>  Movant shall not present issues not raised before the courts below.  A motion for amicus curiae relief shall demonstrate that:

(i)    the parties are not capable of a full and adequate presentation and that

movants could remedy this deficiency;

(ii)  the amicus could identify law or arguments that might otherwise escape the Court's consideration; or

(iii)  the proposed amicus curiae brief otherwise would be of assistance to the Court.

(5)  <u>Opposing papers.</u>  Respondent may file an original and one copy of papers in opposition to the motion, with proof of service of one copy on each other party.

(b)  <u>Amicus curiae filings by the Attorney General.</u>

(1)  <u>Amicus curiae relief on motions for permission to appeal in civil cases.</u>  The Attorney General shall file an original and one copy of the submission with proof of service of one copy on each other party.  The submission shall be filed without leave of the Court on or before the return date of the motion for permission to appeal.

(2)  <u>Amicus curiae relief on normal course appeals and normal course certified questions.</u>  See Rule 500.12(e).

(3)  <u>Amicus curiae relief on appeals selected for review by the alternative procedure.</u>  See Rule 500.11(h).

## 500.24  Motions for Reargument of Appeals, Motions and Decisions on Certified Questions.

(a)  <u>Filing and notice.</u>  Movant shall file an original and six copies of its papers, with proof of service of two copies on each other party.   An original and one copy of a motion for reargument of a motion may be served and filed if filing of an original and one copy of papers was allowed on the underlying motion pursuant to section 500.21(d)(3).

(b)  <u>Timeliness.</u>  Movant shall serve the notice of motion not later than 30 days after the appeal or motion sought to be reargued has been decided, unless otherwise permitted by the Court.

(c)  <u>Content.</u>  The motion shall state briefly the ground upon which reargument is sought and the points claimed to have been overlooked or misapprehended by the Court, with proper reference to the particular portions of the record and to the authorities relied upon.

(d)  <u>New matters.</u>  The motion shall not be based on the assertion for the first time of new arguments or points of law, except for extraordinary and compelling reasons.

(e)  <u>Limitation on motions.</u>  The Court shall entertain only one motion per party for reargument of a specific appeal, motion or certified question decision.

(f)    Opposing papers.  Except on those motions described in section 500.21(d)(3), respondent may file an original and six copies of papers in opposition to the motion, with proof of service of two copies on each other party.  The opposing papers shall briefly state respondent's argument for dismissal or denial of the motion.

## 500.25  Emergency Matters; Orders to Show Cause.

A request for emergency relief pending the determination of an appeal or a motion for permission to appeal shall be brought on by order to show cause.  The applicant shall contact the clerk's office in advance of the filing.  The papers shall be filed as directed by the clerk's office.  The order to show cause shall include telephone and facsimile numbers for each attorney and self-represented party, and a statement giving reasons for granting the request.  If there is no pending appeal or motion for permission to appeal, the order to show cause shall bring on a motion for leave to appeal or be accompanied by a notice of appeal or a motion for permission to appeal complying with section 500.22 of this Part.  There is no fee for filing an order to show cause.  If a Judge signs an order to show cause bringing on a motion, movant shall pay the fee, if any, required by section 500.3(b) of this Part.

## PRIMARY ELECTION SESSION

## 500.26 Primary Election Session Procedures.

(a)    Appeals as of right or by permission of the Appellate Division.

(1)    Appellant shall immediately contact the clerk's office by telephone upon receipt of the order from which the appeal is taken.

(2)    Appellant shall immediately orally notify each respondent of the appeal.

(3)    Within the time directed by the clerk of the Court, appellant shall file:

(i)    a copy of the notice of appeal or order granting leave and a preliminary appeal statement with proof of service on each other party;

(ii)    25 copies of appellant's Appellate Division brief and, where applicable, the record or appendix;

(iii)    the original file, where applicable, which appellant shall obtain;

(iv)    the fee, if any, required by section 500.3(a) of this Part;

(v)    an original and 24 copies of a letter setting forth appellant's arguments in this Court with proof of service of one copy on each other party; and

(vi)     additional papers, if requested.

(4)     Within the time directed by the clerk of the Court, respondent shall submit 25 copies of its Appellate Division brief, and may submit an original and 24 copies of a letter in opposition with proof of service of one copy on each other party.

(b)    <u>Motions for permission to appeal.</u>

(1)     Movant shall immediately contact the clerk's office by telephone upon receipt of the order from which movant seeks leave to appeal.

(2)     Movant shall immediately orally notify respondent of the motion.

(3)     Within the time directed by the clerk of the Court, movant shall file:

(i)     an original and nine copies of a letter requesting permission to appeal with proof of service of one copy on each other party;

(ii)     10 copies of the Appellate Division decision and order;

(iii)     10 copies of the Supreme Court decision and order;

(iv)     10 copies of movant's Appellate Division brief, and, where applicable, the record or appendix;

(v)     the original file, where applicable, which movant shall obtain; and

(vi)     the fee, if any, required by section 500.3(b) of this Part.

(4)     Within the time directed by the clerk of the Court, respondent shall submit 10 copies of its Appellate Division brief, and may submit an original and nine copies of a letter in opposition with proof of service of one copy on each other party.

**CERTIFIED QUESTIONS**

**500.27  Discretionary Proceedings to Review Certified Questions from Federal Courts and Other Courts of Last Resort.**

(a)    Whenever it appears to the Supreme Court of the United States, any United States Court of Appeals, or a court of last resort of any other state that determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the Court of Appeals.

(b)    The certifying court shall prepare a certificate which shall contain the caption of the case,

a statement of facts setting forth the nature of the case and the circumstances out of which the questions of New York law arise, and the questions of New York law, not controlled by precedent, that may be determinative, together with a statement as to why the issue should be addressed in the Court of Appeals at this time.

(c)    The certificate, certified by the clerk of the certifying court under its official seal, together with the original or a copy of all relevant portions of the record and other papers before the certifying court, as it may direct, shall be filed with the clerk of the Court.

(d)    The Court, on its own motion, shall examine the merits presented by the certified question, to determine, first, whether to accept the certification, and second, the review procedure to be followed in determining the merits.

(e)    If the certification is accepted, the clerk of the Court shall request any additional papers the Court requires for its review.  The clerk of the Court shall notify the parties of the time periods for filing of briefs, if any, and calendaring of argument, if any, directed by the Court.

(f)    If the constitutionality of an act of the Legislature of this state is involved in a certification to which the State of New York or an agency is not a party, the clerk of the Court shall notify the Attorney General in accordance with the provisions of Executive Law § 71.

(g)    When a determination is rendered by the Court with respect to the questions certified, it shall be sent by the clerk of the Court to the certifying court.

# NEW YORK STATE
# COURT OF APPEALS

## Preliminary Appeal Statement
### Pursuant to section 500.9 of the Rules of the Court of Appeals

1. CAPTION OF CASE (as the parties should be denominated in the Court of Appeals):

<u>STATE OF NEW YORK</u>            <u>COURT OF APPEALS</u>

      -against-

_____

2. Name of court or tribunal where case originated, including county, if applicable:
_____

3. Civil index number, criminal indictment number or other number assigned to the matter in the court or tribunal of original instance:_____

4. Docket number assigned to the matter at the Appellate Division or other intermediate appellate court:_____

5. Jurisdictional basis for this appeal:
    ____Leave to appeal granted by the Court of Appeals or a Judge of the Court of Appeals
    ____Leave to appeal granted by the Appellate Division or a Justice of the Appellate
       Division
    ____CPLR 5601(a): dissents on the law at the Appellate Division
    ____CPLR 5601(b)(1): constitutional ground (Appellate Division order)
    ____CPLR 5601(b)(2): constitutional ground (judgment of court of original instance)
    ____CPLR 5601(c): Appellate Division order granting a new trial or hearing, upon
       stipulation for judgment absolute
    ____CPLR 5601(d): from a final judgment, order, determination or award, seeking
    review of a prior nonfinal Appellate Division order
    ____Other (specify)_____

6. How this appeal was taken to the Court of Appeals (choose one) (<u>see</u> CPLR 5515[1]):

NOTICE OF APPEAL  Date filed:_____
          Clerk's office where filed:_____

ORDER GRANTING LEAVE TO APPEAL (civil case):
          Court that issued order:_____
          Date of order:_____

CERTIFICATE GRANTING LEAVE TO APPEAL (criminal case):
          Justice or Judge who issued order:_____
          Court:_____
          Date of order:_____

7. Demonstration of timeliness of appeal in civil case (CPLR 5513, 5514):
   Was appellant served by its adversary with a copy of the order, judgment or
   determination appealed from and notice of its entry? ___yes ___no
     If yes, date on which appellant was served (if known, or discernable from the
     papers served): _____
     If yes, method by which appellant was served: ____personal delivery
                  ____regular mail
                  ____overnight courier
                  ____other (describe_____)

   Did the Appellate Division deny a motion for leave to appeal to this Court in this
   case? ____yes ____no
   If yes, fill in the following information:
   a.  date appellant served the motion for leave to appeal made
      at the Appellate Division: _____
   b.  date on which appellant was served with the Appellate
      Division order denying such motion with notice of the
      order's entry: _____ , and
   c.  method by which appellant was served with the Appellate Division order
      denying such motion: _____ personal service
                _____ regular mail
                _____ overnight courier
                _____ other (describe _____)

8. Party Information:

Instructions: Fill in the name of each party to the action or proceeding, one name per line. Indicate the status of the party in the court of original instance and the party's status in this Court, if any. Examples of a party's original status include:

plaintiff, defendant, petitioner, respondent, claimant, third-party plaintiff, third-party defendant, intervenor. Examples of a party's Court of Appeals status include: appellant, respondent, appellant-respondent, respondent-appellant, intervenor-appellant.

| No. | Party Name | Original Status | Court of Appeals Status |
|-----|-----------|-----------------|-------------------------|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

9. Attorney information:

Instructions: For each party listed above, fill in the name of the law firm and responsible attorney, if the party is represented. Where a litigant is self-represented, fill in that party's data in section 10 below.

**For Party No. __ above:**
Law Firm Name:_____
Responsible Attorney:_____
Street Address:_____
City:_____State:_____Zip:_____
Telephone No:_____Ext._____Fax:_____
If appearing Pro Hac Vice, has attorney satisfied requirements of section 500.4 of the Rules of the Court of Appeals?___yes       ____no

**For Party No. __ above:**
Law Firm Name: _____
Responsible Attorney:_____
Street Address:_____
City:_____State:_____Zip:_____
Telephone No:_____Ext._____Fax:_____
If appearing Pro Hac Vice, has attorney satisfied requirements of section 500.4 of the Rules of the Court of Appeals?___yes       ____no

**For Party No. __ above:**
Law Firm Name:_____
Responsible Attorney:_____
Street Address:_____
City:_____State:_____Zip:_____
Telephone No:_____Ext._____Fax:_____
If appearing Pro Hac Vice, has attorney satisfied requirements of section 500.4 of the Rules of the Court of Appeals?___yes       ____no

**For Party No. __ above:**
Law Firm Name:_____
Responsible Attorney:_____
Street Address:_____
City:_____State:_____Zip:_____
Telephone No:_____Ext._____Fax:_____
If appearing Pro Hac Vice, has attorney satisfied requirements of section 500.4 of the Rules of the Court of Appeals?___yes      ____no

**For Party No. __ above:**
Law Firm Name:_____
Responsible Attorney:_____
Street Address:_____
City:_____State:_____Zip:_____
Telephone No:_____Ext._____Fax:_____
If appearing Pro Hac Vice, has attorney satisfied requirements of section 500.4 of the Rules of the Court of Appeals?___yes      ____no

(Use additional sheets if necessary)

10.  Self-Represented Litigant information:
**For Party No. ___ above:**
Party's Name:_____
Street Address:_____
City:_____State:_____Zip:_____
Telephone No.:_____Ext._____Fax:_____

**For Party No.___above:**
Party's Name:_____
Street Address:_____
City:_____State:_____Zip:_____
Telephone No.:_____Ext._____Fax:_____

11.  Related motions and applications:
Does any party to the appeal have any motions or applications related to this appeal pending in the Court of Appeals?   ___yes     ____no
If yes, specify:
   a.  the party who filed the motion or application:_____
   b.  the return date of the motion: _____
   c.  the relief sought: _____

Does any party to the appeal have any motions or applications in this case currently pending in the court from which the appeal is taken?    _____yes    ____no
If yes, specify:
   a.  the party who filed the motion or application:_____
   b.  the return date of the motion: _____
   c.  the relief sought:_____

Are there any other pending motions or ongoing proceedings in this case?  If yes, please describe briefly the nature and the status of such motions or proceedings:_____

_____
_____
_____

12.    Set forth, in point-heading form, issues proposed to be raised on appeal (this is a nonbinding designation, for preliminary issue identification purposes only):

(use additional sheet, if necessary)

13.    Does appellant request that this appeal be considered for resolution pursuant to section 500.11 of the Rules of the Court of Appeals (Alternative Procedure for Selected Appeals)?

_____yes    _____no

If yes, set forth a concise statement why appellant believes that consideration pursuant to section 500.11 is appropriate (see section 500.11[b]):_____

_____
_____
_____
_____

14.     Notice to the Attorney General.

Is any party to the appeal asserting that a statute is unconstitutional? ____yes _____no

If yes, has appellant met the requirement of notice to the Attorney General in section 500.9(b) of the Rules of the Court of Appeals? ____yes ____no

15.    **ITEMS REQUIRED TO BE ATTACHED TO THIS STATEMENT:**

**A.  A copy of the filed notice of appeal, a copy of the order granting leave to appeal (civil case), or a copy of the certificate granting leave to appeal (noncapital criminal case), whichever is applicable;**

**B.  The order, judgment or determination appealed from to this Court;**

**C.  Any order, judgment or determination which is the subject of the order appealed from, or which is otherwise brought up for review;**

**D.  All decisions or opinions relating to the orders set forth in subsections B and C above; and**

**E.  If required, a copy of the notice sent to the Attorney General pursuant to section 500.9(b) of the Rules of the Court of Appeals.**

Date:_____     Submitted by: _____
                            (Name of law firm)

                              _____
                            (Signature of responsible attorney)

                              _____
                            (Typed name of responsible attorney)

Attorneys for appellant _____
                              (Name of party)

-or-

Date:_____     Submitted by_____, pro se
                            (Signature of appellant)

                              _____
                       (Typed/printed name of self-represented appellant)

### GUIDE FOR COUNSEL IN CASES TO BE ARGUED BEFORE THE NEW YORK STATE COURT OF APPEALS
(Return to Home Page)

## I. Introduction

The Court of Appeals, New York State's highest court, is composed of a Chief Judge and six Associate Judges, each appointed to a 14-year term. The Court was established to articulate Statewide principles of law in the context of deciding particular lawsuits. The courthouse, known as Court of Appeals Hall, is located at 20 Eagle Street in Albany, between Albany County Court and City Hall. The main entrance is located on Eagle Street. The handicapped entrance is located on Pine Street. Directions to Court of Appeals Hall and a map showing nearby parking lots are annexed as Appendix A.

This guide is designed to assist attorneys appearing for oral argument at the Court of Appeals. Attorneys should consult the Rules of Practice of the Court of Appeals and may contact the Clerk's office for further information. The Clerk's office is open Monday through Friday, except State holidays, from 9:00 a.m. to 5:00 p.m. Pertinent Clerk's office telephone numbers are listed on this website.

## II. Argument

The Court hears oral arguments during sessions held throughout the year at Court of Appeals Hall. Each session normally lasts two weeks, with arguments scheduled on Tuesday through Thursday of each week. Requests for argument time must be indicated on the cover of the party's brief. If a time request does not appear on the brief, 10 minutes will be assigned. Unless otherwise permitted by the Court upon advance written application, counsel may request no more than 30 minutes of oral argument time. The Court considers these requests in setting the actual argument times in each appeal.

Under normal circumstances, counsel of record will be advised of the scheduled argument date at least one month in advance. Approximately two weeks before the scheduled argument date, the Clerk will send to counsel of record a Notice to Counsel, the Court's day calendar with assigned argument times, information on obtaining the Court's decision in the case, and a security notice that must be completed and submitted on the date of argument.

Prior to the date of argument, counsel must notify the Clerk's office of any changes in arguing counsel or of any needs of arguing counsel or co-counsel (e.g., accommodations for wheelchairs, requests for assisted listening devices, etc.). Should any circumstance arise that might affect counsel's ability to argue as scheduled, the Clerk's office should be notified immediately. Once the calendar has been set, the Court is reluctant to adjourn a calendared case except for compelling reasons.

On the scheduled argument date, counsel must check in with the Court's security personnel **before** 1:45 p.m. The first case is called for argument at 2:00 p.m. The Court does not hold a calendar call. Counsel traveling from out of town should allow ample time for delays, especially in winter.

Arguing counsel and co-counsel should report to security personnel with picture identification. Arguing counsel must also submit the completed security notice. All persons entering Court of Appeals Hall (including arguing counsel) will be screened by security personnel upon entering the building. Security personnel will voucher all cameras, recording devices, legally-possessed weapons and other prohibited items, and will return these items to their owners when they leave the building. **All cell phones and pagers must be turned off before entering the Courtroom.**

Topcoats, raincoats, umbrellas and hats are not permitted in the Courtroom. A cloak room is located behind the Attorneys' Library, next to the elevator. In addition to the Attorneys' Library, which contains a complete set of the official New York Reports, counsel have access to the Attorneys' Lounge. A floor plan showing all public access areas of Court of Appeals Hall is annexed as Appendix B. A Courtroom seating chart is annexed as Appendix C.

All arguing counsel and co-counsel must be seated at the appropriate counsels' table before the Court convenes at 2:00 p.m. Facing the bench, appellants are seated on the left hand side of the courtroom and respondents are seated on the right. Counsel in the first case to be argued should be seated at the table closest to the bench. Other counsel should be seated by case order in the remaining counsel tables. Up to four counsel may be seated at each table. Seating in front of the railing is reserved for arguing counsel and co-counsel. All other spectators must be seated behind the railing.

Unless otherwise permitted by the Court upon advance written application, only one counsel is permitted to argue for a party. If appellant wishes to reserve time for rebuttal, a verbal request to reserve a specific number of minutes should be made to the Chief Judge prior to beginning appellant's argument. The time reserved will be subtracted from the total time assigned to that party. When counsel has one minute of argument time remaining, a white light on the podium is illuminated. When argument time has expired, a red light is illuminated. Adherence to allotted argument times is required, except that counsel may continue responding to questions from the Court.

Arguing counsel should be prepared for a "hot bench." The Court will be fully conversant with the issues in each case and will use oral argument to address any questions or concerns prompted by the briefs. Counsel should be ready for a question-and-answer exchange and should not expect to recount the facts in detail or present a prepared script of arguments.

All arguments are videotaped. Copies of videotaped arguments are available for purchase from the Government Law Center at Albany Law School, telephone (518) 445-2329.

## III. Public Seating

Seating is available in the public section of the courtroom on a first-come, first-seated basis. The public section accommodates approximately 60 people. Oral arguments also can be viewed over closed circuit television in the Attorneys' Lounge and Library.

## IV. The Court's Decision In Your Case

The Court normally decides cases within thirty to sixty days after the oral argument date. The Court's decisions are available the day on which they are issued on the Court's Internet web site: www.courts.state.ny.us/ctapps. In addition, counsel of record are notified by phone of the decision in their case and provided copies of the Court's decision by regular mail. Decisions usually are mailed on the day they are released.

If you wish the Court to send you, via overnight delivery service at your expense, a copy of the decision in your case on the day it is released, you must provide a pre-addressed airbill containing your account number, telephone number and the name (and number, if known) of your case, as well as an envelope acceptable to the carrier, no later than the day you appear for oral argument. Airbills and envelopes may be mailed to the Court's Public Information Office or left with security personnel at the front desk. If you have not provided a pre-addressed airbill, we may not be able to honor a telephone request made on the day your case is decided for an overnight copy of the decision. Decisions will not be faxed or e-mailed.

**APPENDICES**

(A) <u>DRIVING DIRECTIONS TO COURT OF APPEALS HALL</u>
(B) <u>PUBLIC ROOMS COURT OF APPEALS HALL</u>
(C) <u>COURTROOM SEATING CHART</u>