UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X,


SALVATORE MARASA,

                       Petitioner,

              -against-

                                                                         Dkt # 08-CV-02066
GEORGE B. ALEXANDER, as Chairman,                         (PAC)(JAF)
New York State Division of Parole,

                       Respondent.

-----------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS


Dated: Brooklyn, New York
       June 27, 2008

                                      ANTHONY M. VITTORIOSO, ESQ .
                                      (AV9374).
                                      Attorney for Petitioner
                                      9201 Fourth Avenue, 7th Floor
                                      Brooklyn, New York 11209
                                      718-833-8005
                                      avittorioso@myway.com


TO:  ANDREW M. CUOMO
       Attorney General of the State
       Attorneys for Respondent
       120 Broadway
       New York, New York 10271
       212-416-6037
         Attn: Alyson J. Gill, Asst. Atty. Gen.

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**……………………………………………….2

**FACTUAL AND LEGAL BACKGROUND**…………………………………..2

**ARGUMENT**

**THE MEASURING POINT OF WHEN A CONVICTION IS FINAL OR ENTERED IN THE STATE SYSTEM IS A MATTER OF STATE LAW**……………………………………………………………………………4

**FEDERAL HABEAS LAW CALCULATES TIME FROM "ENTRY" OF JUDGMENT**……………………………………………………………………...5

**NEW YORK LAW REQUIRES NOTICE OF ENTRY AS NECESSARY**………….6

**NEW YORK LAW REQUIRES ADDITIONAL DAYS TO ACCOUNT FOR SERVICE OF EITHER THE ORDER OR ITS NOTICE OF ENTRY**……………...7

**CONCLUSION**………………………………………………………………10

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X,

SALVATORE MARASA,

                Petitioner,

              -against-

GEORGE B. ALEXANDER, as Chairman,
New York State Division of Parole,

               Respondent.

-----------------------------------------------------------X

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS PETITION

Dkt # 08-CV-02066 (PAC)(JAF)

## PRELIMINARY STATEMENT

Petitioner through counsel submits this Memorandum of Law in opposition to the Respondent's motion to dismiss the habeas corpus Petition for untimeliness.

## FACTUAL AND LEGAL BACKGROUND

The substantive facts relating to the Petition are not at issue in the instant motion. Consequently in the interest of judicial economy, only the procedural facts will be discussed in this Memorandum of Law.

The facts recited by Respondent referring to dates of issuance of decisions and filing, etc. are all uncontroverted. The issue, therefore, is purely a legal one with the caveat that the record is insufficient to determine the motion to dismiss based on the arguments made in this Memorandum of Law

# **ARGUMENT**

## I. THE MEASURING POINT OF WHEN A CONVICTION IS FINAL OR ENTERED IN THE STATE SYSTEM IS A MATTER OF STATE LAW

In our federal system based upon dual sovereignty, when questions of state law arise, the state judiciary is the proper and final arbiter of the meaning of the state statute. This was explained as follows by Chief Justice Marshall:

> "This Court has uniformly professed its disposition, in cases depending on the laws of a particular State, to adopt the construction which the Courts of the State have given to those laws. This course is founded on the principle, supposed to be universally recognised, that the judicial department of every government, where such department exists, is the appropriate organ for construing the legislative acts of that government . . . . We receive the construction given by the Courts of the nation as the true sense of the law, and feel ourselves no more at liberty to depart from that construction, than to depart from the words of the statute . . . . [T]he construction given by the Courts of the several States to the legislative acts of those States, is received as true, unless they come in conflict with the Constitution, laws, or treaties of the United States."

*Elmendorf v. Taylor*, 23 U.S. 152, 159-60 (1825).

Indeed, as a general proposition, it is beyond dispute that, "[w]here a state court has interpreted a provision of state law, [the Court] cannot ignore that interpretation, even if it is not one that we would have reached if we were construing the statute in the first instance." *R.A.V. v. City of St. Paul*, 505 U.S. 377, 412 (1992). Even where this Court is empowered to protect an underlying federal right that is threatened by the interpretation of state law, it will not do so unless the interpretation is "so certainly unfounded that it properly may be regarded as essentially arbitrary." If the interpretation has "fair support" in state law, the Court is "not at liberty to inquire whether it is right or wrong, but must

accept it, as [it does] other state decisions of non-Federal questions." *Enterprise Irrigation Dist. v. Farmers Mut.Canal Co.*, 243 U.S. 157, 164 (1917).

The applicability of this analysis applies in the habeas context. In *Artuz v. Bennett*, 531 U.S.4, 8 (2000, the Court held that the interpretation of when an application for state postconviction relief is "properly filed" for purposes of 28 U.S.C. section 2244(d)(2) is "when its delivery and acceptance are in compliance with applicable [state] laws and rules governing filings".

To be sure, the federal system may impose its own standards for measuring time beyond the finality of the conviction in the state system, but the construction of the federal rule necessarily implicates that finality in the state system must be interpreted under state law.

## II. FEDERAL HABEAS LAW CALCULATES TIME FROM "ENTRY" OF JUDGMENT

When 28 U.S.C. section 2244(d)(1)(A)indicates that the 1-year period of limitation for habeas petitions predicated on state court judgments runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review", we must calculate backwards from the last event.

In the present matter, since a writ of certiorari was not sought from the Supreme Court, we look to Supreme Court Rule 13, which indicates in relevant part at subsection 1 that "[U]nless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal entered by a state court of last resort… is timely when it is filed with the Clerk of this Court within 90 days after *entry* of the

5

judgment".(emphasis added) Further, at subsection 2 of Rule 13, it is indicated in relevant part that "time to file a petition… runs from the date of entry of the Judgment or order." The calculation of the 90 days in this matter, therefore, is premised on entry in the New York State Court of Appeals. The construction of "final" and "entry" is critical to this analysis.

### III. NEW YORK LAW REQUIRES NOTICE OF ENTRY AS NECESSARY

Initially, it must be noted that there is nothing in the record presented by the State indicating when the order denying leave to appeal to the New York State Court of Appeals was entered. The only available information is the date of the decision, see annexed Exhibit 1, which is not necessarily the date of entry. Indeed, the New York State Court of Appeals Rules, annexed hereto as Exhibit 2, are silent on entry of the order or decision or the process used for same. *See* New York Court of Appeals web-site, www.nycourts.gov/ctapps/counsguide.htm (hard copy of relevant "Guide to Counsel" section annexed hereto as Exhibit 3). Even if the record contained an entry date, the construction of when an order takes effect is a wholly different matter. Therefore, by default we must look to governing law and statutes.

Under statute and by virtue of a long history, New York State is a "notice of entry" state, where entry of an order/judgment has no meaning until the process of noticing entry is complete. *See generally,* www.kreppin.blogspot.com/2008/04/notice-of-entry-and-notice-of-appeal.html.

At the trial level, New York Civil Practice Law and Rules (NY CPLR) section 2220 mandates that "[A]n order determining a motion shall be entered and filed in the

6

office of the clerk of the court where the action is triable". At the appellate level, NY CPLR 5524 provides that "[A]n order of a court to which an appeal is taken shall be entered in the office of the clerk of that court."

Except for certain circumscribed instances under the rules, i.e. NY CPLR 5524(b)(entry of order of remittitur is authority for any further proceedings); NY CPLR 2221(d)(3)(motions to reargue in Appellate Division and Court of Appeals measured from date of decision), every matter in New York is governed by the notice of entry rule, whereupon one of the parties "notices' entry of the order of judgment on all of the other parties. Indeed, there would be no need for a separate reargument rule under NY CPLR 2221(d)(3) for both the Appellate Division and the Court of Appeals if they were not required to enter orders and parties not have to abide by the notice of entry rule. As such, the instant matter is no different and the notice of entry of order denying leave to appeal, the final denial, by the Court of Appeals is a necessary event to determine finality.

**IV. NEW YORK LAW REQUIRES ADDITIONAL DAYS TO ACCOUNT FOR SERVICE OF EITHER THE ORDER OR ITS NOTICE OF ENTRY**

Even if formal notice of entry were not required, NY CPLR 5513(d) mandates that where further proceedings are contemplated in bringing action in a higher court, additional time is allotted from the point of service of a judgment or order or notice of entry of same. When served by mail, the additional time is governed by NY CPLR 2103(2) and (7), five additional days for service on counsel or a party by regular mail; and 2103(6)and(7),one additional day for overnight mail. We do not know what method was used to serve Petitioner/Defendant's counsel, but the usual method is regular mail.

*See* Exhibit 3 at p.2. If that is the case, Petitioner received the benefit of 5 additional days to take further action.

Even under the less expansive section, NY CPLR 5513(b), which governs matters where permission to appeal is necessary, the date of service of the notice of entry is, at the very least, the starting point in the calculation. Once again, the record is silent on this fact.

This is not matter where a party is arguing actual notice of a decision, *Geraci v. Senkowski*, 211 F.3d 6 (2d Cir. 2000), and seeks to add those days, but rather an altogether different argument based on comity that asserts a right to days by state statute in determining and constructing terms such as "finality" and "entry" in a federal habeas proceeding. *Geraci* and other similar cases deal with calculating the effect of postconviction proceedings, such as *coram nobis* applications, in calculating time.

The issue here is quite different and more narrowly drawn, namely, does state law govern in determining when the state's direct review is final or deemed entered in starting the calculation of the 90 day period allowable for a certiorari application, *Clay v. United States*, 537 U.S. 522, 527 (2003); *Williams v. Artuz*, 237 F.3d 147 (2d Cir. 2001), when such certiorari application is not sought. The answer, it seems, must be yes. Indeed, the record is absolutely devoid of any indication of when entry was made, whether and when there was notice of entry affected and when service of the order was made by the Clerk of the Court of Appeals. All or some of these facts would have to be adjudicated to determine the date of "finality" of the conviction and the "entry" date that terminated direct review before 1 year and 90 days is added to calculate the timeliness of the

8

Petition. It seems that under any analysis, however, there will be days added and the Petition will have to be deemed timely. Under this analysis, it should also be noted that March 1, 2008 was a Saturday, so to the extent that such date is implicated in anyway as a filing deadline, the next business day would be March 3, 2008 and under Rule 6(a) of the Federal Rules of Civil Procedure, the deadline would be extended to the next business day.

## CONCLUSION

Wherefore, Petitioner respectfully requests that the motion to dismiss his Petition for a Writ of Habeas Corpus be denied in its entirety.

Dated: Brooklyn, New York
       June 27, 2008

                                          Respectfully submitted,,

                                        __s/_____
                                        ANTHONY M. VITTORIOSO, ESQ .
                                        (AV9374).
                                        Attorney for Petitioner
                                        9201 Fourth Avenue, 7th Floor
                                        Brooklyn, New York 11209
                                        718-833-8005
                                        avittorioso@myway.com

TO:  ANDREW M. CUOMO
       Attorney General of the State
       Attorneys for Respondent
       120 Broadway
       New York, New York 10271
       212-416-6037
         Attn: Alyson J. Gill, Asst. Atty. Gen.