UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
SALVATORE MARASA,                      : 08 Civ. 2066 (PAC) (JCF)
                                       :
                 Petitioner,           :     REPORT AND
                                       :     RECOMMENDATION
      - against -                      :
                                       :
GEORGE B. ALEXANDER, Chairman,         :
New York State Division of Parole,     :
                                       :
                 Respondent.           :
- - - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

    Salvatore Marasa brings this petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for
securities fraud and related crimes.  The respondent has moved to
dismiss the petition on the ground that it is time-barred.  For the
reasons discussed below, I recommend that the motion be granted.

Background

    On January 17, 2003, judgment was entered in New York State
Supreme Court, New York County, convicting Mr. Marasa, after a jury
trial, of one count of enterprise corruption in violation of New
York Penal Law ("NYPL") § 460.20(1), one count of scheming to
defraud in the first degree in violation of NYPL § 190.65(1), five
counts of securities fraud in violation of New York General
Business Law § 352-c, two counts of grand larceny in the fourth
degree in violation of NYPL § 155.30, and three counts of
falsifying business records in the first degree in violation of
NYPL § 175.10.  (Declaration of Alyson J. Gill in Support of Motion

1

to Dismiss dated May 30, 2008 ("Gill Decl."), ¶ 1).  The petitioner was sentenced to an aggregate term of five to fifteen years of imprisonment.  (Gill Decl., ¶ 1).

Mr. Marasa appealed his conviction to the Appellate Division, First Department.  (Brief for Appellant Salvatore Marasa, attached as Exh. A to Gill Decl.).  On August 31, 2006, that court modified the judgment by vacating the petitioner's convictions on two counts of falsifying business records and otherwise affirmed the remainder of the counts.  <u>People v. Marasa</u>, 32 A.D.3d 369, 820 N.Y.S.2d 273 (1st Dep't 2006).  Mr. Marasa sought leave to appeal to the New York Court of Appeals, but his application was denied on November 30, 2006.  <u>People v. Marasa</u>, 7 N.Y.3d 903, 826 N.Y.S.2d 612 (2006).

Mr. Marasa then submitted his petition for a writ of habeas corpus to this Court.  The petition is dated March 2, 2008, and it was filed on the following day.  (Petition at 2, 16).  At that time, Mr. Marasa was on parole.  (Petition at 2).  Although he submitted the petition <u>pro se</u>, counsel subsequently appeared on his behalf.

<u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for habeas corpus petitions filed by persons in custody pursuant to a state

court conviction.[1]  28 U.S.C. § 2244(d)(1).  Generally, this one-year period runs from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Because a person who is convicted is entitled to seek review by the Supreme Court,

> the AEDPA limitations period specified in Section 2244(d)(1)(A) does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or -- if the prisoner elects not to file a petition for certiorari -- the time to seek direct review via certiorari has expired.

William v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001); see also Lawrence v. Florida, ____ U.S. ____, ____, 127 S. Ct. 1079, 1084 (2007) ("[Section] 2244(d)(1)(A) refers to the 'time for seeking' direct review, which includes review by [the Supreme] Court under Clay [v. United States, 537 U.S. 522 (2003)]").

   In this case, Mr. Marasa's application for leave to appeal to the New York State Court of Appeals -- the last stage of direct appeal in the state court system -- was denied on November 30, 2006.  The time within which he could seek certiorari from the

---

[1] A petition is timely if it is filed within this limitations period.  Under the "prison mailbox rule," a petition filed by prisoner is deemed filed when it is delivered to correctional authorities for mailing to the court.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001).  However, because Mr. Marasa was on parole at the time he filed the petition in this case, the rule does not apply.  See Walker v. Jastremski, 430 F.3d 560, 563-64 (2d Cir. 2005).

United States Supreme Court expired ninety days later, on February 28, 2007.  28 U.S.C. § 2101(d); U.S. Sup. Ct. R. 13(1). Consequently, his conviction became final on that date, and the statute of limitations expired one year later, on February 28, 2008.  Since Mr. Marasa did not file his petition until March 3, 2008, it appears to be time-barred on its face.

The AEDPA statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).  However, because Mr. Marasa sought no such post-conviction remedy, statutory tolling does not apply here.  Equitable tolling of the AEDPA limitations period is also available, provided that a petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  But Mr. Marasa has made no claim here for equitable tolling.

Nevertheless, the petitioner contends on two related grounds that his petition is not time-barred.  First, he asserts that the ninety-day period for seeking certiorari did not begin on November 30, 2006, because that was the date on which the New York Court of Appeals issued its decision denying leave to appeal, not when the decision was "entered."  Indeed, the petitioner argues that the time for applying for certiorari does not commence until notice of

entry of the decision denying leave to appeal to the Court of Appeals has been served.  Neither of these contentions has merit.

As a threshold matter, "finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule."  Clay, 537 U.S. at 531.  Here, the relevant standard is supplied by Rule 13(1) of the Rules of the Supreme Court, which requiresthat a petition for a writ of certiorari be "filed with the Clerk within 90 days after entry of the order denying discretionary review."  Giving meaning to the word "entry" may nevertheless require reference to state law.  See Day v. McDonough, 547 U.S. 198, 203 (2006) (incorporating state law rule under which appellate decision remained "pending" until mandate was issued for purposes of tolling under 28 U.S.C. § 2244(d)(2)); Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (examining state law to determine whether motion for post-conviction relief was "pending").

However, the Clerk of the New York Court of Appeals has stated that "there is no formal procedure for entering the denial of criminal leave applications." (Declaration of Alyson J. Gill dated July 15, 2008 ("Gill Reply Decl."), ¶ 3).  Furthermore, "[t]he Clerk's Office does not record when such denials are received from the chambers of a judge who has denied the leave application or when the information is entered in the New York Court of Appeals' case management system." (Gill Reply Decl., ¶ 3).  The only statutory requirement is that "[e]very judge or justice [acting on

an application for leave to appeal] shall file with the clerk of the court of appeals, immediately upon issuance, a copy of every certificate granting or denying leave to appeal." N.Y. Crim. Proc. Law § 460.20(5). Accordingly, the only date that could reasonably serve as the date of "entry" of an order denying leave to appeal to the Court of Appeals is the date of the decision as it is recorded in the official New York State reports. This is consistent with the practice of the Second Circuit and the district courts, which have uniformly treated the date of denial of leave to appeal as the triggering event for commencement of the ninety-day period to seek certiorari. See, e.g., Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005); McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); Clay v. Artus, No. 08-CV-1633, 2008 WL 2537141, at *1 (E.D.N.Y. June 24, 2008); Lewis v. McGinnis, No. 9:04-CV-32, 2008 WL 833964, at *19 (N.D.N.Y. March 27, 2008); Hall v. Cunningham, No. 03 Civ. 3532, 2007 WL 3145786, at *1 (S.D.N.Y. Oct. 29, 2007).

Equally unavailing is Mr. Marasa's argument that the limitations period should be extended to account for the time necessary to effect service of the notice of entry. First, there is no requirement in New York law that the parties be served with notice of a denial of leave to appeal to the Court of Appeals. Second, "[f]ederal courts interpret the federal time period as running from the event described rather than from the receipt of notice." Lookingbill v. Cockrell, 293 F.3d 256, 262 (5th Cir.

2002). Thus, 28 U.S.C. § 2244(d)(1)(A) "looks to when a judgment becomes final, not when the petitioner becomes aware that the judgment is final." Crutcher v. Cockrell, 301 F.3d 656, 657 (5th Cir. 2002).

Accordingly, there is no basis for deviating from the principle that the time for seeking certiorari begins on the date on which leave to appeal to the New York Court of Appeals is denied, and the AEDPA statute of limitations begins to run when the conviction becomes final ninety days thereafter.

## Conclusion

For the reasons set forth above, I recommend that Mr. Marasa's petition for a writ of habeas corpus be dismissed as time-barred. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, Room 735, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

7

Dated: New York, New York
       August 26, 2008

Copies mailed this date:

Anthony M. Vittorioso, Esq.
Law Offices of Anthony M. Vittorioso
9201 Fourth Avenue, 7th Floor
Brooklyn, New York 11209

Ashlyn Dannelly, Esq.
Alyson J. Gill, Esq.
Assistant Attorneys General
120 Broadway
New York, New York 10271