UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X,

SALVATORE MARASA,

               Petitioner,

                                    NOTICE OF OBJECTIONS
                                    TO MAGISTRATE'S REPORT
         -against-                AND REOMMENDATION

                                    Dkt # 08-CV-02066
GEORGE B. ALEXANDER, as Chairman,    (PAC)(JCF)
New York State Division of Parole,

              Respondent.

-----------------------------------------------------X

TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

**PLEASE TAKE NOTICE** that Petitioner by his attorney, ANTHONY M. VITTORIOSO, adopting and incorporating his Declaration and Memorandum of Law dated June 27, 2008, objects to and takes exception to the REPORT AND RECOMMENDATION (hereinafter referred to as "RAR")of Magistrate James C. Francis IV dated August 26, 2008, as follows:

    1. The factual conclusion that the New York Court of Appeals date of entry is identical with the date of the decision is unsubstantiated in the record and erroneous. The New York Court of Appeals' Rules are silent on this issue. The entire basis of the conclusion is Respondent's telephone call and conveyance of hearsay that the Magistrate found conclusive that "there is no formal procedure for entering the denial of a criminal

1

leave application". (RAR at 5). Petitioner is entitled to a hearing or, at the very least, discovery on the factual issue of when the conviction was "final" under the laws of the State of New York.

2. The legal conclusion that the finality of the conviction is a matter of federal law is also incorrect. (RAR at 5-6). The RAR's dismissal of New York State as a "notice of entry" state (RAR at 6-7) is extrajudicial, as a matter of comity. Even if the record contained an entry date, the construction of when an order takes effect is a wholly different matter. With a few carefully circumscribed instances, New York State is a "notice of entry" state at all levels, appellate and trial, where entry of an order/judgment has no meaning until the process of noticing entry is completed. Even if formal notice of entry were not required, New York law mandates that where further proceedings are contemplated in bringing action in a higher court, additional time is allotted from the point of service of a judgment or order or notice of entry of same. From one to five additional days are added for service on counsel or a party when different forms of mail are used. We do not know what method was used to serve Petitioner/Defendant's counsel, but the usual method is regular mail. If that is the case, Petitioner received the benefit of 5 additional days to take further action and his Petition is clearly timely filed. Even under the less expansive sections governing matters where permission to appeal is necessary, the date of service of the notice of entry is, at the very least, the starting point in the calculation. Once again, the record is silent on this fact and New York State law must govern the finality of its own convictions. Therefore, the motion to dismiss must be denied.

**WHEREFORE**, the motion to dismiss must be denied because either: 1) the record is insufficient to determine the issue of "finality" or "entry"; or 2) because New York is a "notice of entry" state, days are added for mailing with the necessary addition of *any* days defeating Respondent's motion as a matter of law. Petitioner respectfully requests that the Respondent's motion to dismiss the Petition for a Writ of Habeas Corpus be denied in its entirety.

Dated: Brooklyn, New York
      September 5, 2008

    __s/_____
    ANTHONY M. VITTORIOSO, ESQ.
    Attorney for Petitioner (AV9374).
    9201 Fourth Avenue, 7th Floor
    Brooklyn, New York 11209
    718-833-8005
    avittorioso@myway.com

TO:  ANDREW M. CUOMO
      Attorney General of the State
      Attorneys for Respondent
      120 Broadway
      New York, New York 10271
      212-416-6037
        Attn: Alyson J. Gill, Asst. Atty. Gen.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X,

SALVATORE MARASA,

        Petitioner,

  -against-

                                          Dkt # 08-CV-02066
GEORGE B. ALEXANDER, as Chairman,             (PAC)(JAF)
New York State Division of Parole,

        Respondent.
-----------------------------------------------------------X

## DECLARATION OF SERVICE

      ANTHONY M. VITTORIOSO, pursuant to 28 U.S.C, section 1746 declares under penalty of perjury as follows: that on September 5, 2008 he served a true copy of the within NOTICE OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION by mailing same in a preaddressed postpaid envelope and placing same in a receptacle provided by the United States Post Office for the delivery of mail, said envelope addressed to the address provided by counsel to the Respondent at:

                      ANDREW M. CUOMO
                      Attorney General of the State
                      Attorneys for Respondent
                      120 Broadway
                      New York, New York 10271
                      212-416-6037
                      Attn: Alyson J. Gill, Asst. Atty. Gen.

Dated: Brooklyn, New York
       September 5, 2008

                      __s/_____
                      ANTHONY M. VITTORIOSO, ESQ.(AV9374)
                      Attorney for Petitioner
                      9201 Fourth Avenue, 7th Floor
                      Brooklyn, New York 11209
                      718-833-8005
                      avittorioso@myway.com